UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Fred J. Falco, | ) | C/A No.:8:07-cv-770-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| VyTech Industries, Inc. and Key | ) | |
| Principal Partners, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on the Key Principal Partners, LLC's (Key's or Defendant's) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed April 13, 2007. On April 27, 2007, this case was stayed because Defendant VyTech declared bankruptcy. (Docket Entry No. 35) After the stay was lifted, Plaintiff responded to Defendant Key's motion, and Key replied. This matter is now ready for disposition.

**Factual Background**

Fred Falco (Plaintiff) was employed by Defendant VyTech Industries and its predecessors for the past 25 years. His final position with the company was that of CEO. In 2005, the plaintiff's employment ended. In late 2005, the plaintiff signed a "SEPARATION AND RELEASE AGREEMENT," which, among other things, provided the plaintiff with a severance package. The plaintiff was to receive about $400,000 over five years. Plaintiff signed this agreement; Kris E. McGee signed the agreement as

"President/CEO" (presumably of VyTech); and Greg Davis signed this agreement as "Principal" of "Key Principal Partners, Corp. and Member of Board of Directors, VyTech Industries, Incorporated."  The signature block is the only place in the agreement where the name "Key Principal Partners, LLC" appears.

In the Fall of 2006 the plaintiff's severance payments stopped.  He subsequently filed suit for breach of contract against both VyTech and Key.  The plaintiff alleges that the defendant is liable for the unpaid severance pay under two theories: (1) as VyTech's alter ego; and (2) on account of Mr. Davis' signature as Principal of Key Principal Partners on the actual severance agreement.  Eight days after the plaintiff filed suit, VyTech declared bankruptcy.  This Court declared that any alter ego claims against VyTech were the property of the bankruptcy trustee.  (Docket Entry No. 35) After the bankruptcy trustee chose not to pursue the alter ego claim, Key purchased it.

Defendant Key originally moved to dismiss the plaintiff's complaint under Rule 12 for failure to state a claim because (1) VyTech was not Key's alter ego and (2) Greg Davis's signature did not bind Key to the severance agreement between VyTech and the Plaintiff.  Since Key now owns the rights to the alter ego claim, the plaintiff may recover only if Mr. Davis' signature as principal of Key bound Key to the contract.

### Discussion

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518,

522 (4th Cir. 1994). These motions should only be granted "in very limited circumstances." *De Sole v. United States*, 947 F.2d 1169, 1171(4th Cir. 1991). While analyzing defendants' motion, the Court must construe all inferences in the light most favorable to the plaintiffs, and the motion should be granted only if the plaintiffs have no chance of prevailing on the merits of their arguments. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

Plaintiff is suing the defendant for breach of contract and violations of South Carolina Wage Payment Act, S.C. Code Ann. § 41-10-10, et seq. for the unpaid balance of his severance package. Plaintiff argues that the defendant is liable because Mr. Davis' signature on the severance agreement binds the defendant to the contract. Defendant argues that: "In view of the express terms of the Separation Agreement, which contain covenants running between Falco and VyTech only, there could be no basis to conclude that [the defendant] violated the Separation Agreement unless [the defendant] could be held liable for VyTech's Conduct." (Def's Reply at 4-5) This Court finds that, under fundamental principles in South Carolina agency law, the plaintiff's complaint asserts facts that, if true, are sufficient to hold the defendant liable.

"[W]here an agent is duly constituted, and names his principal, and contracts in his name, the principal is responsible and not the agent[.]" *Waddell v. Mordecai*, 22 S.C.L. (Ril.) 17, 1836 WL 2832, 3 (S.C. Ct. App. 1836); *see also Skinner & Ruddock,*

*Inc. v. London Guarantee and Accident Co.*, 124 S.E.2d 178, 180 (S.C. 1962) ("Where an agent enters into a contract for a known principal, while acting within his authority as such agent, he is not personally liable on the resultant contract. The liability, if any, for breach of such contract is that of the principal alone."). Specifically, in the contract context, "An agent contracting with the authority of his principal binds him to the same extent as if the principal personally made the contract. The principal's liability to the third party is contractual and direct." *South Carolina Ins. Co. v. James C. Greene and Co.*, 348 S.E.2d 617, 624 (S.C. App.1986) (citing J. Story, Commentaries on the Law of Agency § 442 (1839)).

Plaintiff alleges that the defendant was liable because "Greg Davis signed the agreement as 'Principal of Key Principal Partners, Corp. and Member of the Board of Directors VyTech Industries Incorporated.' On information and belief, Mr. Greg Davis is an agent and/or partner of Defendant Key with full authority to bind this company to the agreement." (Compl. at ¶ 11) Plaintiff asserts that Mr. Davis had the authority to act on behalf of the defendant. If Davis had authority or apparent authority to enter into the severance agreement, his signature alone binds the defendant to the contract.

If this Court accepted the defendant's argument, it would render Mr. Davis' signature a nullity. Further, it is not uncommon for a party, indisputably distinct from another party to the contract, to act solely as a guarantor or surety of a contract. In such a situation, the guarantor's name might only appear in the signature block of a contract. At this early stage in the proceedings, it is improper for this Court to

conjecture as to why Mr. Davis signed the agreement; instead, it is enough that, in the light most favorable to the plaintiff, Plaintiff could prevail on its claim. *Conley,* 355 U.S. at 45-46.

## Conclusion

Regardless of the alter ego claim, this Court finds that, in the light most favorable to the plaintiff, the defendant could be held liable for breach of the severance agreement. THEREFORE this Court DENIES the defendant's motion to dismiss because the plaintiff's complaint has alleged sufficient facts that, if true, would evince that Greg Davis, as an agent, bound the defendant to the separation agreement.

IT IS THEREFORE SO ORDERED THAT the defendant's motion to dismiss be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 6, 2008
Anderson, South Carolina