UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Fred J. Falco, | ) | C/A No.:8:07-cv-770-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| VyTech Industries, Inc. and Key | ) | |
| Principal Partners, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Defendant Key Principal Partners, LLC's (Key's) motion to reconsider this court's May 6, 2008 Order. Plaintiff filed a response on June 9, 2008. This matter is now ready for disposition.

In its motion, Key argues that:

> [Key] moves for reconsideration because the two rationales suppled for the denial of its Motion to Dismiss constituted clear errors of law. The May 6 Order states that Gregory Davis'[s] "signature alone b[ound] the defendant to the [Separation Agreement]," if Mr. Davis was [Key's] principal. This conclusion was reached without citing authority and contrary to well-established law. Second, even though the argument appears nowhere in Mr. Falco's complaint against [Key], (the "Complaint"), and again without citing authority and in contravention of applicable law, the May 6 Order concluded that parol evidence is needed to determine whether [Key] was a "guarantor or surety of [the Separation Agreement]." These rationales—the only offered for the denial of [Key's] motion to dismiss—are clearly erroneous.

(Key's Mot. to Reconsider at 1) Neither of Key's contentions compel this Court to alter or amend its May 6 Order.

First, Key argues that this Court erred by finding that a principal can be bound by the signature of its agent to a contract, even where the principal is not mentioned in the body of the contract, by citing to "well-settled" law. (*Id.* at 3) Key's well-settled law consists entirely of a single quotation of a single sentence in American Jurisprudence on Contracts that states:

> Generally, when the body of a contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract, and there is nothing in the contract to indicate that such person signed as a party, such person is not bound by the contract and hence is not liable thereunder.

17A Am. Jur. 2d *Contracts* § 414 (2008).  However, the very next sentence of the very same article states that: "In other cases, it has been held that under the circumstances the person who signed but was not named in the body of the contract as a party thereto was nevertheless liable on the contract." *Id.*  After reviewing the *entire* article, it appears the Court's May 6 Order is also supported by "well-settled law." Therefore, Key's argument does not compel this Court to alter or amend its May 6 Order.

Second, Key argues that this Court improperly assumed that Key signed the Separation Agreement as a guarantor or surety.  The opposite is, in fact, true.  In its May 6 Order, this Court noted, solely for illustrative purposes, that often third parties sign agreements as guarantor or surety.  Immediately after using this *example*, the Court stated, "At this early stage in the proceedings, it is improper for this Court to conjecture as to why [Key's Agent] signed the agreement." (May 6, 2008 Order at

4)  This illustration is not in anyway necessary to the Court's final holding; therefore, an attack thereon does not compel this Court to amend or alter its May 6, 2008 Order.

After a thorough review of the parties' motions, this Court's prior order, and relevant law, this Court DENIES Key's motion for reconsideration.

IT IS THEREFORE SO ORDERED THAT Defendant Key's motion for reconsideration be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 10, 2008
Anderson, South Carolina