UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Fred J. Falco, ) | |
| ) | C/A No. 8:07-cv-0770 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Key Principal Partners, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on cross motions for summary judgment. For the reasons stated herein, the Court GRANTS the plaintiff's motion for summary judgment and DENIES the defendant's motion for summary judgment.

Plaintiff, Fred J. Falco, began working for Stauffer Chemical in the mid-1970s after he graduated college. While working for Stauffer, he engineered and assisted in building, staffing, and began the initial operation of a facility in Anderson, South Carolina which later became VyTech Industries. While working for VyTech, Falco worked his way up the management until he became President and CEO of the company. Defendant Key Principal Partners, hereinafter "KPP," was an investment company in VyTech Industries. KPP invested substantial amounts of money in VyTech and placed several of its members on VyTech's Board of Directors. KPP held the majority of the seats on the board. Gregory Davis, Timothy Fay, and John Sinnenberg were members on the board. While Falco was still employed as President and CEO of VyTech, KPP became active in managing VyTech's business.

In early 2005, Falco was notified that he would be terminated and a new CEO selected by KPP would be brought in. After the notification, the parties began negotiations about the terms of Falco's separation agreement. A separation agreement was prepared and sent to Falco. It contained five typed pages and a signature line for a VyTech official and a signature line for Falco. Falco signed the agreement and took it to VyTech's human resources manager. When the agreement was returned to Falco, several alterations had been made. Gregory Davis, principal of KPP, added a signature block and several changes in the body of the agreement. Mr. Davis signed the agreement as principal of "Key Principal Partners Corp." after having crossed out VyTech industries. He also made a notation "Member of Board of Directors VyTech Industries." He also added a signature block for the new president and CEO of VyTech Kris McGee.

On November 26, 2006, payments according to the agreement ceased. Falco sued VyTech and KPP in the Court of Common Pleas County of Anderson, South Carolina for breach of contract and a violation of the South Carolina Payment of Wages Act. The action was removed to this Court. The plaintiff alleges that he is entitled to half of his deferred compensation and taxes as well as part of his separation payments. He is also requesting treble damages for the portion of deferred compensation under the South Carolina Wage Payment Act as well as costs and attorneys fees.

The plaintiff and the defendant have filed cross motions for summary judgment. The plaintiff argues that the contract is clear and unambiguous and the Court must enforce its terms. He alleges that KPP is bound because KPP's principal signed the agreement and had the capacity to bind the company. KPP argues that they are entitled to judgment as a matter of law because Mr. Davis' signature alone is insufficient to bind KPP on the contract.

"Summary judgment is appropriate if 'there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law." *Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir. 1995), *cert. denied,* 516 U.S. 1159 (1996) (citing Fed. R. Civ. Proc. 56 and *Miller v. Federal Deposit Ins. Co.*, 906 F.2d 972, 974 (4th Cir. 1990)). "[A] material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law." *Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir. 1995), *cert. denied,* 516 U.S. 1159 (1996) (citing Fed. R. Civ. Proc. 56 and *Miller v. Federal Deposit Ins. Co.*, 906 F.2d 972, 974 (4th Cir. 1990)). Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is

insufficient to withstand a summary judgment motion. *Liberty Lobby, Inc.*, 477 U.S. at 252.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Federal Rule of Civil Procedure 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

This Court finds that there are no factual issues in dispute and that KPP is liable on the agreement. The agreement states that it "is made and entered into by and between Fred J. Falco, Jr. . . . and VyTech Industries, Incorporated and its respective predecessors, successors, divisions, parents, subsidiaries, affiliates, officers, directors, employees, agents, and legal counsel." (Separation Agreement P. 1). The Principal of KPP, Mr. Davis, signed and made alterations to the agreement. Mr. Davis had the authority to bind KPP and signed the agreement as "Principal" of Key Principal Partners after having crossed out VyTech. KPP argued that since the corporation's name did not appear in the body of the agreement that they cannot be liable. Defendants cite the case *Edward Pinckney Associates, LTD v. Carver*, 364 S.E.2d 351 (S.C. Ct. App. 1987), in support of their proposition. This case is irrelevant to the issues at hand. KPP had a controlling interest in the operation of VyTech. KPP received the benefits

of the agreement as it operated VyTech and Falco made covenants not to compete or solicit customers or employees. Falco continued to work for VyTech for some time after negotiations and discharged any claims he may have had against the companies. KPP signed the agreement and the agreement is between Falco and VyTech and its directors. KPP benefitted from the covenants not to compete or solicit. Many courts have held that a signature on the document with evidence that the party intended to be bound is sufficient to hold that party liable on the contract. *See Gonzales v. Gauna,* 206 P. 511 (N.M. 1922) and *Caplan v. Stant,* 154 S.E.2d 121 (Va. 1967)(stating that a signature with the intent to be bound is sufficient to bind a party to an agreement even when the name of the party did not appear in the body of the agreement). KPP's agent signed the contract and made changes to the text of the agreement. That very representative stated that KPP supported the contract. (Aff. Davis P.2). Considering all the circumstances, there is sufficient evidence of intent to be bound to hold KPP liable on the agreement.

IT IS THEREFORE ORDERED THAT the plaintiff's motion for summary judgment be GRANTED and the defendant's motion for summary judgment be DENIED.

IT IS SO ORDERED.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

March __25__, 2009
Anderson, South Carolina